**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jonathon Andrew Hinton,                  )    No. 05-CV-586-PHX-FJM
                                         )
          Plaintiff,                     )    **ORDER**
                                         )
vs.                                      )
                                         )
Maricopa County Sheriff's Office, et al.,)
                                         )
          Defendants.                    )
                                         )
_____ )

     Plaintiff claims, pursuant to 42 U.S.C. § 1983, that while he was incarcerated at the Durango Jail in Phoenix, Arizona, defendants violated his Eighth Amendment rights by using excessive force ("count I"), and violated his Fourteenth Amendment rights by failing to provide him with medical treatment ("count II").  Defendants move to dismiss count II for the failure to exhaust administrative remedies.  We have before us defendants' motion to dismiss count II (doc. 17), plaintiff's response (doc. 20), defendants' reply (doc. 26), plaintiff's further opposition (doc. 28), and defendants' motion to strike plaintiff's further opposition (doc. 30).  Plaintiff did not respond to defendants' motion to strike and the time for filing a response has expired.

     The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Maricopa County Sheriff's

1   Office, which operates the Durango Jail, has implemented a comprehensive grievance

2   system, which includes a multi-tiered administrative review process.  <u>Motion to Dismiss,</u>

3   <u>Attachment A (Inmate Grievance Procedure)</u>; <u>Reply, Exhibit 2 (Rules and Regulations for</u>

4   <u>Inmates)</u>.  An inmate must complete each level of the administrative process in order to have

5   fully exhausted his remedies.

6    The process allows an inmate to proceed with an appeal even if the institution is

7   unresponsive to a grievance.  With regard to a non-medical grievance, if an inmate does not

8   receive a response after 9 calendar days, he may file an Institutional Grievance Appeal with

9   the Jail Commander.  <u>Rules and Regulations for Inmates</u> at 12.  With regard to a medical

10   grievance, if an inmate does not receive a response after 9 calendar days, he may submit a

11   Grievance Appeal Form to the Nursing Supervisor.  <u>Id</u>. at 17.

12    Plaintiff filed two separate grievances requesting medical treatment, and grieving the

13   failure to provide medical treatment.  <u>Response, Exhibits 1-2</u>.  Plaintiff contends that

14   defendants never responded to either grievance.  Because plaintiff could have nonetheless

15   filed an appeal pursuant to the grievance procedure, and he does not contend that he

16   attempted to and was prevented from doing so by the institution, he failed to exhaust his

17   administrative remedies.  Accordingly, **IT IS ORDERED GRANTING** defendants' motion

18   to dismiss count II (doc. 17).

19    In our order dated March 29, 2006 (doc. 27), we withdrew the reference to the

20   Magistrate Judge as to defendants' motion to dismiss count II.  Defendants' motion to strike

21   relates to defendants' motion to dismiss count II and is ready for consideration.  Accordingly,

22   **IT IS ORDERED WITHDRAWING** the reference to the Magistrate Judge as to

23   defendants' motion to strike (doc. 30).  All other matters in this action shall remain with the

24   Magistrate Judge for disposition as appropriate.

25

26

27

28

1    After defendants filed their reply, plaintiff filed a "further opposition to defendants[']

2  motion to dismiss" (doc. 28).  A sur-reply such as this is impermissible absent leave of the

3  court.  See LRCiv 7.2.  Accordingly, **IT IS ORDERED GRANTING** defendants' motion

4  to strike plaintiff's further opposition (doc. 30).

5       DATED this 5th day of May, 2006.

6

7

8    _____
                    Frederick J. Martone
9                 United States District Judge